IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NUMBER: 2:20-cv-1281-MBS

| | |
|---|---|
| Hudson Specialty Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Locals Bar, LLC and William H. Lynch,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Hudson Specialty Insurance Company, seeking a declaration of rights from this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, alleges as follows:

**PARTIES**

1. Hudson Specialty Insurance Company ("Hudson") is a corporation organized under the laws of the State of New York with its principal place of business in New York.

2. Upon information and belief, Locals Bar, LLC ("Locals Bar") is a limited liability company formed and existing pursuant to the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina. Upon information and belief, Jessen Cooke and Shawn Sherman are the co-owners and the members of Locals Bar, LLC, and are citizens and residents of Charleston County, South Carolina. Therefore, Locals Bar, LLC and its members are citizens of the State of South Carolina.

3. Upon information and belief, William H. Lynch ("Lynch") is a citizen and resident of Charleston County, South Carolina.

## JURISDICTION

4. This Court has jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5. Venue is proper in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which a Defendant resides, a substantial part of the events or omissions giving rise to the claim occurred within this district, and the underlying lawsuit giving rise to the claims at issue is pending in this district.

6. There is an actual controversy between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

## FACTUAL BACKGROUND
### Insurance Policies

7. Hudson issued the following insurance policies (collectively "the Policies") to Locals Bar:

- Commercial General Liability Insurance Policy number HSGM-05086 ("the CGL Policy") (**Exhibit 1**) for the policy period of November 7, 2017 to November 7, 2018, with an each occurrence limit of $1,000,000.00 and a general aggregate limit of $2,000,000.00.

- Liquor Liability Insurance Policy number HSLL-32859 ("the Liquor Liability Policy") (**Exhibit 2**) for the policy period of November 7, 2017 to November 7, 2018, with an each common cause limit of $1,000,000.00 and an aggregate limit of $2,000,000.00.

**Underlying Lawsuit**

8.    Lynch filed a lawsuit ("the Underlying Lawsuit") in the Charleston County Court of Common Pleas on July 8, 2019, captioned *William H. Lynch v. Locals Bar, LLC and Carson Boozer* (2019-CP-10-03638). In that Complaint ("the Underlying Complaint") (**Exhibit 3**), Lynch alleged he was in a motor vehicle accident on October 9, 2018, involving a vehicle operated by Carson Boozer. According to the Underlying Complaint, Boozer was served alcohol by agents, employees, servants and/or representatives of the Mt. Pleasant location of Locals Bar. Lynch alleged Locals was negligent in a number of particulars, including serving alcohol to a minor and failing to appreciate Boozer's intoxication and provide her a safe means of transportation. Lynch filed an Amended Complaint ("the Underlying Amended Complaint") (**Exhibit 4**) on July 9, 2019, that contained the same allegations against Locals.

9.    On July 23, 2019, Lynch filed an Affidavit of Service (**Exhibit 5**) in the Underlying Lawsuit, which alleged that Locals Bar had been served with the Underlying Summons and Complaint via certified mail on July 15, 2019. Lynch later filed another Affidavit of Service (**Exhibit 6**) contending that Jessen Cooke, who is the registered agent of Locals Bar, was personally served with a copy of the Underlying Amended Summons and Complaint on August 19, 2019.

10.    By the time Hudson received any notice of this accident, claim, or lawsuit, the thirty days to answer the Underlying Amended Summons and Complaint had already elapsed.

11.    On October 1, 2019, Lynch filed an Affidavit of Default (**Exhibit 7**) as well as a Notice of Motion and Motion for Damages Hearing (**Exhibit 8**), all based upon the fact that Locals Bar did not file an answer or responsive pleading within thirty days of the August 19, 2019 service of the Underlying Amended Complaint.

12. On October 4, 2019, an Order of Default (**Exhibit 9**) was filed, in which the presiding judge ruled the following:

> [It] appearing unto the Court from the record that the Defendant Locals Bar, LLC, was duly served with the certified Civil Action Coversheet, Summons & Complaint by process server on August 19, 2019, and more than thirty (30) days have passed, and, it further appearing that the said Defendant has not answered the Complaint, appeared or otherwise pled since that date; and, it further appearing from said Affidavit that to the best of Plaintiff's knowledge and belief, the Defendant was not, at the time of service, nor are they now, a member of the armed services;
>
> NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant Locals Bar, LLC, be, and is hereby adjudged in default.

13. Locals Bar filed a Motion to Set Aside the Entry of Default (**Exhibit 10**) on October 7, 2019.

14. Lynch refused to vacate the entry of default, opposed Locals Bar's Motion to Set Aside the Entry of Default, and chose to rely on the rights acquired through the default process.

15. The Honorable Perry M. Buckner heard Locals Bar's Motion to Set Aside the Default on February 24, 2020.

16. On March 26, 2020, Judge Buckner filed an Order (**Exhibit 11**) denying Locals Bar's Motion to Set Aside the Entry of Default.

17. In his Order denying Locals Bar's Motion to Set Aside the Entry of Default, Judge Buckner found "Locals conduct and affidavit demonstrates that it took no effort to respond to the pleadings, other than forwarding the pleadings to its insurance agents, who on two separate occasions forwarded the pleadings to incorrect carriers." Neither of those two carriers was Hudson.

18. Judge Buckner found "Locals relied solely on its insurance agents' negligent conduct as an explanation for the entry of default" and "this reliance does not establish "good cause" necessary for relief from default under Rule 55(c)."

19. Hudson has provided a defense pursuant to a reservation of rights to Locals Bar in the Underlying Lawsuit.

## FOR A FIRST DECLARATION

20. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

21. The CGL Policy states, in pertinent part:

> **2.  Exclusions**
> This insurance does not apply to:
>
> **c.  Liquor Liability**
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

22. Any and all damages alleged in the Underlying Lawsuit constitute "bodily injury" or "property damage" for which Locals Bar may be held liable by reason of (1) causing or contributing to the intoxication of any person, (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol, or (3) any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages. Furthermore, Locals Bar was and is in the business of manufacturing, distributing, selling,

5

serving or furnishing alcoholic beverages. Therefore, the CGL Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Locals Bar in the Underlying Lawsuit under the CGL Policy.

23. Hudson requests the Court issue a declaration that the CGL Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Locals Bar in the Underlying Lawsuit under the CGL Policy.

## FOR A SECOND DECLARATION

24. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

25. The CGL Policy provided, in pertinent part:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.
>
> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> **2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**

6

    **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    How, when and where the "occurrence" or offense took place;

        (2)    The names and addresses of any injured persons and witnesses; and

        (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.**    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

        **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

26.    The Liquor Liability Policy provided, in pertinent part:

> **THE COMPANY NAMED ON THE DECLARATIONS PAGE**
> **(A capital stock corporation, herein called the company)**
>
> **CONDITIONS**
>
> 4.    **Insured's Duties in the Event of Injury, Claim or Suit:**
>
>     a.    When an injury occurs, written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable.
>
>     b.    If claim is made or suit is brought against the **insured**, the **insured** shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
>
>     c.    The **insured** shall cooperate with the company and upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the **insured** because of injury or damage with respect to which insurance is afforded under this policy; and the **insured** shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The **insured** shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the accident.

27. Locals Bar failed to comply with the above-stated notice provisions of the Policies.

28. Locals Bar's failure to comply with the above-stated notice provisions of the Policies resulted in Hudson not receiving any notice of this accident, claim, or lawsuit until after the thirty days for Locals Bar to answer the Amended Summons and Complaint had already elapsed.

29. Locals Bar's failure to comply with the above-stated notice provisions of the Policies rendered Hudson unable to retain counsel for Locals Bar until after the thirty days for Locals Bar to answer the Amended Summons and Complaint had already elapsed.

30. By the time Hudson first received notice of this accident, claim, or lawsuit, Locals Bar was technically in default.

31. Locals Bar's failure to comply with the above-stated notice provisions of the Policies resulted in an Entry of Default being entered against Locals Bar in the Underlying Lawsuit.

32. Locals Bar's Motion to Set Aside the Entry of Default has been denied.

33. Locals Bar's failure to comply with the above-stated notice provisions of the Policies and consequent default will result in a damages hearing to determine Lynch's damages, and Locals Bar will be precluded from presenting defenses to liability at this damages hearing.

34. But for Locals Bar's failure to provide timely notice of the underlying accident, claim, or lawsuit to Hudson, defenses to liability could and would have been asserted in the Underlying Lawsuit. Defenses to liability existed for Locals Bar, considering that: Boozer took an Uber home from Locals Bar on the night of the accident; Boozer conceded in her deposition that she may have consumed alcohol at home; the motor vehicle accident at issue occurred as

Boozer was traveling from her home to meet a friend; an almost empty bottle of wine was located in Boozer's vehicle at the time of the accident; and the police report initially indicated that Boozer consumed the glasses of wine at her house. Furthermore, prior to Judge Buckner's denial of Locals Bar's Motion to Set Aside the Entry of Default, Locals Bar filed an Answer in the Underlying Lawsuit, in which Locals Bar denied any liability to Plaintiff (**Exhibit 12**).

35. Due to Locals Bar's failure to comply with the above-stated notice provisions of the Policies, Hudson does not have the opportunity to pursue a meritorious defense to the liability allegations of the underlying complaint or negotiate a settlement without the handicap of a default position.

36. The failure of Locals Bar to comply with the above-stated notice provisions of the Policies and provide timely notice of the underlying accident, claim, or lawsuit to Hudson has substantially prejudiced Hudson.

37. Due to Locals Bar's failure to comply with the above-stated notice provisions of the Policies, Hudson is relieved of its duty to provide coverage in the Underlying Lawsuit.

38. Due to Locals Bar's failure to comply with the above-stated notice provisions of the Policies, Hudson is relieved of its duties to defend and indemnify Locals Bar in the Underlying Lawsuit.

39. Due to Locals Bar's failure to comply with the above-stated notice provisions of the Policies, Lynch is barred from recovering from the Policies in the Underlying Lawsuit.

40. Hudson requests the Court issue a declaration that due to Locals Bar's failure to comply with the above-stated notice provisions of the Policies, Hudson is relieved of its duty to provide coverage in the Underlying Lawsuit, Hudson is relieved of its duties to defend and

indemnify in the Underlying Lawsuit, and Lynch is barred from recovering from the Policies in the Underlying Lawsuit.

WHEREFORE, Hudson prays:

(a) that the Court issue a declaration that the CGL Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Locals Bar in the Underlying Lawsuit pursuant to the CGL Policy;

(b) that the Court issue a declaration that due to Locals Bar LLC's failure to comply with the above-stated notice provisions of the Policies, Hudson is relieved of its duty to provide coverage in the Underlying Lawsuit, Hudson is relieved of its duties to defend and indemnify in the Underlying Lawsuit, and Lynch is barred from recovering from the Policies in the Underlying Lawsuit; and

(c) that the Court awards such other relief as this Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, P.A.

By: s/John S. Wilkerson, III
John S. Wilkerson, III, Fed. ID No.: 4657
Robert E. Kneece, III, Fed. ID No.: 12351
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina  29413
Telephone:  (843) 576-2829
Facsimile:  (843) 843-577-1639
Email: JWilkerson@TurnerPadget.com
        RKneece@TurnerPadget.com

ATTORNEYS FOR HUDSON SPECIALTY INSURANCE COMPANY

Charleston, SC
April 3, 2020