IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hudson Specialty Insurance Company | ) | Case No. 2:20-cv-1281-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | Defendant Lynch's Motion to Dismiss with |
| v. | ) | Supporting Memorandum |
| | ) | |
| Locals Bar, LLC and William H. Lynch, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant William H. Lynch, pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby submits this motion to dismiss Plaintiff's complaint along with his supporting memorandum.

## Background

As set forth in Plaintiff's lawsuit (Dkt. 1) and evidenced by the attachments to the lawsuit (Dkt. 1-3 – 1-12), Plaintiff's action seeks a judicial declaration that it has no obligation to pay a potential judgment in a state court claim brought by Defendant Lynch against Defendant Locals, Charleston County case number 2019-CP-10-3638. Plaintiff seeks this declaration prior to final judgment being rendered in the state court action between Defendant Lynch and Defendant Locals. Thus, Plaintiff seeks a determination from the Court before financial liability has attached. Accordingly, Defendant Lynch requests that this Court issue an order dismissing the present action, without prejudice, as financial liability has not yet attached.

## Motion to Dismiss Standard

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect,

is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

<u>Argument</u>

1.     The Complaint is not Ripe.

A complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure if the court lacks jurisdiction over the subject matter. See Fed.R.Civ.P. 12(b)(1). Subject matter jurisdiction in the federal courts is limited to the adjudication of actual "cases" and "controversies" under Article III of the United States Constitution. See U.S. CONST, art. Ill, § 2; *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."); *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir.1991). If a dispute is not ripe for judicial review, then it does not meet the case or controversy requirement. See *Bryant*, 924 F.2d at 529 ("Doctrines like standing, mootness, and ripeness are simply subsets of Article Ill's command that the courts resolve disputes, rather than emit random advice."). In addition to the constitutional limitations on the jurisdiction of the federal courts, the doctrine of ripeness is drawn from "prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Servs. Inc.*, 509 U.S. 43, 57 n. 18, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993); see also *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 138, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). This doctrine exists "`to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.' " *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580, 105

S.Ct. 3325, 87 L.Ed.2d 409 (1985) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

In the recent case of *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 197 (4th Cir. 2019), the Fourth Circuit held that the district court abused its discretion when it assumed jurisdiction under the Declaratory Judgment Act, 28 U.S.C.S. § 2201(a).

> Trustgard's alleged injury—that it might have to guarantee a future judgment against Brown—is of a hypothetical and contingent nature: the injury may or may not occur depending on the outcome of the state lawsuit. If Collins does not win a state-court judgment against Trustgard's insured, then a decision from this Court concerning Trustgard's obligation to guarantee such a judgment will have no effect. Thus, before any determination of liability, we risk issuing an advisory opinion.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 200 (4th Cir. 2019). Similarly, in the instant case, final judgment has not been rendered in the state court lawsuit and financial liability has not attached to Defendant Locals insurer, the Plaintiff in this action. As such, the question posed by Plaintiff to the Court in this case is not ripe and Defendant Lynch requests the Court not issue an advisory opinion before financial liability has attached.

    **2.**    **The Court should decline to exercise jurisdiction in this case.**

> Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This Act gives federal courts discretion to decide whether to declare the rights of litigants. *Wilton*, 515 U.S. 277 at 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214. Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases. *Id.* at 287. Whether exercising this jurisdiction is appropriate must be "informed by the teachings and experience [of the courts] concerning the functions and extent of federal judicial power." *Id.* Put another way, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration." *Id.* at 288.

> But even where jurisdiction is not discretionary, courts may abstain from exercising jurisdiction under certain circumstances that may intrude on the prerogative of state courts. *See generally Colo. River Water Conservation Dist. v.*

*United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943); *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941). Abstention helps avoid duplicative litigation and interference with state-court proceedings.

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201-02 (4th Cir. 2019).

As noted above, the underlying state court case has not been fully adjudicated and financial liability has not yet attached. Additionally, there are issues that still need to be resolved in the state court. First, Defendant Lynch has not yet obtained a judgment against Defendant Locals. Second, Defendant Locals co-owner and registered, Jessen Cooke, signed a written affidavit that he turned the pleadings over to his insurance agent prior to the answer being due in the state court action. (Dkt. 1-10). Based upon his affidavit, an issue that still needs to be fleshed out in the state court action is when Plaintiff received notice of the pleadings from Defendant Locals. Accordingly, Defendant Lynch requests that the Court decline to hear Plaintiff's declaratory judgment action until these issues are fleshed out in the state court.

## Conclusion

Based upon the foregoing, Defendant Lynch respectfully requests that Plaintiff's complaint be dismissed, without prejudice, as the issues are not ripe for review. Further, Defendant Lynch requests that the Court abstain from exercising jurisdiction under the Declaratory Judgment Act.

URICCHIO HOWE KRELL JACOBSON
TOPOREK & KEITH, P.A.

s/ Jeff Buncher, Jr.
Jeff Buncher, Jr., Fed ID: 11113
jeff@uricchio.com
Jonathan F. Krell, Fed ID: 7552
jonathan@uricchio.com

843-723-7491  
PO Box 399 – Charleston, SC 29402  
Attorneys for Defendant Lynch

June 16, 2020  
Charleston, South Carolina