IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hudson Specialty Insurance Company | ) | Case No. 2:20-cv-1281-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | William H. Lynch's response to |
| v. | ) | Hudson Specialty Insurance Company's |
| | ) | Motion for Summary Judgment and request |
| Locals Bar, LLC and William H. Lynch, | ) | for Summary Judgment pursuant to |
| | ) | FRCP, 56(f) |
| Defendants. | ) | |

William H. Lynch, by and through undersigned counsel, hereby responds to Plaintiff Hudson Specialty's motion for summary judgment.

**Preliminary Matter**

As set forth in Jonathan Krell's affidavit (Exhibit 1), William Lynch has agreed to allow co-defendant Locals Bar, LLC, out of default in the underlying lawsuit. However, Hudson Specialty has refused to allow its insured out of default, and is causing substantial prejudice to its insured, as they demand certain stipulations from William Lynch before consenting to be allowed out of default. (Exhibit 2). If Locals was never placed in default, Hudson Specialty would not be able to assert these conditions; thus, they cannot now assert conditions to allow their insured out of default. Hudson is taking an adversarial position to their insured, Locals Bar, who paid a premium to be defended in negligence actions regarding alcohol related matters.

**Summary of Argument**

William H. Lynch requests the Court issue an Order denying Hudson's motion for summary judgment as they are on incorrect on the law and there is a material fact as to 'substantial prejudice' as Lynch has consented to allow Locals Bar out of default in the underlying action but Hudson has refused to allow its insured out of default without Lynch

1

agreeing to certain stipulations. Alternatively, William H. Lynch requests the Court issue an Order pursuant to Rule 56(f), FRCP, granting William H. Lynch summary judgment on the grounds that: 1) Hudson has a duty to defend and indemnify as the liquor liability policy provides coverage; 2) Hudson has not sustained substantial prejudice since Lynch has consented to allowing Locals Bar out of default and 3) even if Hudson has been substantially prejudiced, the black letter law of this State mandates Hudson Specialty Insurance Company cannot void coverage up to the mandatory minimum limits of $1,000,000. Or, Lynch requests that the Court find Hudson is prejudicing their insured, Locals, by not allowing their insured out of default and they are subject to exposure in excess of the $1,000,000 mandatory minimum limits pursuant to *Tyger River* and its progeny. William Lynch believes summary judgment may be premature as to the issue of the duty to indemnify as a judgment has not been entered against Locals Bar at this time.

## Facts

William Lynch agrees with the facts as set forth in the Court's Order regarding the Motion to Dismiss. (Dkt. No. 21). In addition, as set forth in Jonathan Krell's affidavit, William Lynch consents to allowing Locals Bar out of default in the underlying lawsuit which allows Locals Bar defense counsel to continue to participate in discovery, attend depositions, assert defenses in an answer and be able to negotiate the claim without the handicap of being in default.

## Summary Judgment Standard

The "function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition." *Bland v. Norfolk and Southern Railroad,* 406 F.2d 863, 866 (4th Cir.1969). The

moving party is entitled to summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Phoenix Savs. and Loan v. Aetna,* 381 F.2d 245 (4th Cir.1967). When ruling "on [a motion for] summary judgment the inferences to be drawn from the underlying facts contained in [the moving party's] materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However, to defeat summary judgment, the nonmoving party must identify an error of law or a genuine issue of disputed material fact. See Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Bouchat v. Balt. Ravens Football Club*, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

## **Argument/Law**

1. <u>Hudson has a duty to defend Locals under the liquor liability policy and pursuant to state law.</u>

In *Liberty Life Ins. Co. v. Commercial Union Ins. Co*., 857 F.2d 945, 950 (4th Cir. 1988), the Court of Appeals for the Fourth Circuit explained when the duty to defend arises:

> The duty of a liability insurer to defend an action brought against the insured is generally determined by the allegations in the complaint. *Employers Mut. Liability Ins. Co. v. Hendrix*, 199 F.2d 53, 56 (4th Cir.1952) (applying South Carolina law); *R.A. Earnhardt Textile Mach. Div., Inc. v. South Carolina Ins. Co.*, 277 S.C. 88, 282 S.E.2d 856 (1981). If the facts alleged in the complaint raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend. If no such possibility is raised, no duty of defense is owed. *Id.* Hence, whether a duty to defend exists is determined by comparing the allegations of the complaint to the terms of the policy.

857 F.2d 945, 949-50 (4th Cir. 1988); *see also Collins Holding Corp. v. Wausau Underwriters Ins. Co*., 666 S.E.2d 897, 899 (S.C. 2008) ("If the facts alleged in the complaint [against an insured] fail to bring a claim within the policy's coverage, the insurer has no duty to defend.");

*USAA Prop. & Cas. Inc. Co. v. Clegg*, 661 S.E.2d 791, 797 (S.C. 2008) ("'[A]n insurer has no duty to defend an insured where the damage was caused for a reason unambiguously excluded under the policy.'").

The underlying lawsuit alleges that Defendant Locals was negligent, *inter alia*, in serving alcohol to an underaged person which led to William Lynch's bodily injuries. (Dkt. No. 22-5, Amended Complaint).

At the time of the negligent act of Defendant Locals, South Carolina had enacted S.C. Code Section 61-2-145 which states, in pertinent part, that an establishment which sells alcoholic beverages in South Carolina "is required to maintain a liquor liability insurance policy or a general liability insurance policy with a liquor license endorsement for a total coverage of at least one million dollars during the period of the biennial permit or license." S.C. Code Section 61-2-145(C) further states that the insurer "must notify the department in a manner prescribed by department regulation of the lapse or termination of the liquor liability insurance policy or the general liability insurance policy with a liquor liability endorsement." There is no evidence in the record that Hudson notified the department of any lapse or termination of Locals liquor liability insurance policy. Thus, Hudson has a duty to defend Locals in the underlying lawsuit. The question then becomes whether the duty to defend arises under the CGL or the liquor liability insurance policy.

A plain reading of the CGL would exclude coverage for the underlying lawsuit regarding the negligent acts of serving alcoholic beverages and Lynch will not argue that the CGL provides coverage; however, the liquor liability insurance policy expressly provides coverage, as required by statute, for the negligent service of alcohol. The pertinent part of the policy states:

4

I.  **LIQUOR LIABILITY INSURANCE COVERAGE**
   The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the **insured** by reason of the selling, serving or giving of any alcoholic beverage at or from the **insured premises**, and the company shall have the right and duty to defend any suit against the **insured** seeking such **damages**, . . . .

(Dkt. 22-3, Liquor Liability Coverage).

Accordingly, Hudson has a duty to defend their insured as the facts in the complaint in the underlying lawsuit are covered by the provisions of the liquor liability insurance. Hudson argues that it has no duty to defend Locals in the underlying lawsuit because Locals breached the notice provision. As set forth in Jonathan Krell's affidavit, he has consented to allowing Locals out of default, thereby curing any argument Hudson may have that they have been substantially prejudiced. Additionally, as set forth in Jonathan Krell's affidavit, he has allowed Locals counsel in the underlying lawsuit to participate in discovery and depositions even while Locals was in default. Moreover, Locals will be able to assert defenses as to liability in a filed answer and negotiate a settlement without the handicap of a default position by being let out of default. However, Hudson has rejected the offer unless certain stipulations are accepted by William Lynch. Hudson would not be in the position to force these conditions upon Lynch if Locals was not in default, thus, they cannot impose these conditions upon Lynch with Locals in default. It is Hudson's burden to show they have been substantially prejudiced by the failure of their insured to comply with the notice provisions to be relieved of their duties of providing coverage to an innocent third party. By being let out of default, there is no substantial prejudice. To the contrary, Hudson is now substantially prejudicing their insured by refusing to allow their insured out of default.

2. <u>Hudson has a duty to defend under the policy even if Locals breached the notice provision.</u>

The black letter law of South Carolina is: "Where a statute requires insurance for the benefit of the public, however, the insurer is not permitted to nullify its purposes through engrafting exceptions from liability as to uses which it was the evident purpose of the statute to cover." *USAA v. Markosky*, 340 S.C. 223, 226 (Ct. App. 2000) (citation omitted). The Supreme Court of South Carolina recently went through a thorough discussion of notice provisions and substantial prejudice in *Neumayer v. Phila. Indem. Ins. Co.*, 427 S.C. 261, 831 S.E.2d 406 (2019). (Exhibit 3). The Supreme Court in *Neumayer* ultimately held that: 1) The legislature is presumably aware of settled case law concerning notice clauses in insurance policies and had they wanted to prohibit the enforcement of notice clauses in all policies, they would have done so and 2) an insurer may invoke notice clauses to deny coverage <u>above</u> the statutory limits but cannot void the statutory minimum limits. *Neumayer*, 427 S.C. at 273, 831 S.E.2d at 412.

Similarly, the legislature was presumably aware of the well settled case law concerning notice clauses in insurance policies in alcoholic beverage / 'dram shop' negligence actions. Had the legislature wanted to prohibit the enforcement of notice clauses in S.C. Code Section 61-2-145, they would have done so, but did not. S.C. Code Section 61-2-145 mandates Hudson to insure Locals in the amount of "at least one million dollars." This is mandatory insurance. Accordingly, Hudson is responsible to pay up to the mandatory minimum limits of one million dollars even if Locals Bar has substantially prejudiced them.

Hudson argues that the case of *DHW Purchasing Grp., LLC v. Hub Int'l Midwest Ltd.*, No. 3:19-cv-1243-CMC, 2019 U.S. Dist. LEXIS 192491 (D.S.C. Nov. 4, 2019), a case involving an assault and battery at a bar, supports their position that S.C. Code Section 61-2-145 is not mandatory insurance. Hudson's counsel fails to point out the relevant footnotes in that decision.

First, the incidents at issue in that case <u>pre-dated</u> July 1, 2017, before S.C. Code Section 61-2-145 was enacted. *Id.* at *24. Second, the bar had a Liquor Endorsement at the time of the underlying incidents but had exclusions for assault and battery. Judge Currie noted in footnote 17 that: "The statute requires a Liquor Endorsement or policy but does not specify what that endorsement or policy must cover. Most critically, nothing in this statute or any other authority cited by Plaintiffs suggests an insurer may not exclude claims arising in whole or in part from an assault, battery, or other altercation. In contrast, multiple cases applying South Carolina law have upheld and applied such exclusions (albeit prior to enactment of Section 61-2-145). *See Sphere Drake Ins. Co. v. Litchfield*, 313 S.C. 471, 438 S.E.2d 275, 276 (S.C. Ct. App. 1993)." *Id.* at *24 n.17.

Lynch's case is not an assault and battery. It is a negligence lawsuit arising out of the service of alcoholic beverages to an underage person that injured Lynch, an innocent third person; the exact reason the law was enacted in the first place.[12]

3. <u>Hudson has a duty to indemnify.</u>

"If an insurer has no duty to defend, it necessarily has no duty to indemnify, but if it does have a duty to defend, the court may be unable to determine whether the insurer has a duty to indemnify until the resolution of the underlying action." *Canopius US Ins., Inc. v. Middleton*, 202 F. Supp. 3d 540, 546 (D.S.C. Aug. 17, 2016) (citing cases).

Because Hudson has a duty to defend, as discussed above, Hudson has a duty to indemnify their insured, Locals Bar. As noted above, the liquor liability policy provides

---

[1] https://wpde.com/news/local/state-law-aims-to-protect-restaurants-for-drunk-driving (newspaper article quoting Senator Luke Rankin, a sponsor of the enacted law, that the purpose of the law it to "Make them have responsibility that if they're employees, their bartenders serve someone, who one, is intoxicated, or two serve them to the point of intoxication, there be accountability and financial responsibility.").

[2] https://www.wmbfnews.com/story/35828916/dillon-police-officer-at-center-of-new-statewide-dui-law/

7

coverage for the underlying lawsuit. Furthermore, state law mandates Hudson provide coverage for their insured, Locals, up to the mandatory minimum limits of one million dollars. Moreover, Hudson cannot show they have been substantially prejudiced as they are refusing to allow their insured out of default. Last, as noted by this Court in its Order denying Lynch's motion to dismiss, because damages have not yet been awarded against Locals, it may not be ripe to determine the issue of duty to indemnify at this time.

4. <u>Hudson is not substantially prejudiced because counsel has allowed the default to be set aside against their insured but Hudson has refused.</u>

William Lynch has not obtained a default judgment against Locals. Furthermore, counsel for William Lynch has offered to set aside the order of default against Locals but Hudson has refused to allow their insured out of default without demanding certain stipulations. It is Hudson who is now causing the substantial prejudice, not Locals. Why would an insurer not want their insured to be let out of default? It is anticipated counsel for Hudson will state that if they consent to their insured being let out of default, they will receive an immediate time demand from William Lynch's counsel which will substantially prejudice them. Whether Locals/Hudson receives a time demand after being let out of default and whether Hudson pays or does not pay in response to the time demand is the subject of a bad faith case for a different day in which the Court, or jury, will determine whether Hudson acted in bad faith, negligently or unreasonably in failing to respond to a time demand by a certain deadline. That is not the present case.

## **CONCLUSION**

Based upon the foregoing, William Lynch requests the Court deny Hudson's motion for summary judgment. Moreover, William Lynch requests the Court enter an Order granting summary judgment to William Lynch and find that Hudson has a duty to defend Locals, a duty to indemnify Locals and is responsible for satisfying any verdict entered against Locals up to one

million dollars pursuant to S.C. Code Section 61-2-145 and the pertinent case law. Alternatively, William Lynch requests the Court enter an Order finding that Hudson is substantially prejudicing their insured, Locals, and is responsible for any verdict in excess of one million dollars pursuant to *Tyger River* and its progeny.

URICCHIO HOWE KRELL JACOBSON
TOPOREK & KEITH, P.A.

s/ Jonathan F. Krell
Jonathan F. Krell, Fed ID: 7552
jonathan@uricchio.com
Jeff Buncher, Jr., Fed ID: 11113
jeff@uricchio.com
843-723-7491
PO Box 399 – Charleston, SC 29402
Attorneys for Defendant Lynch

January 19, 2021
Charleston, South Carolina