IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NUMBER: 2:20-cv-1281-MBS

| | |
|---|---|
| Hudson Specialty Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Locals Bar, LLC and William H. Lynch,<br><br>Defendants. | **NOTICE OF MOTION AND MOTION TO FILE FOR SUMMARY JUDGMENT AND SUR-RESPONSE** |

In accordance with the Court's text order dated February 3, 2021, Defendant Lynch files this motion for summary judgment and sur-response to Plaintiff Hudson's motion for summary judgment. Defendant Lynch incorporates its response (Dkt. No. 26) to Plaintiff Hudson's motion for summary judgment into this motion for summary judgment and sur-response along with the state court filings marked as exhibits in Dkt. No. 30-1 and 30-2.

**1.    Defendant Locals has been let out of default in the underlying matter.**

Defendant Locals has now been let out of default in the underlying matter and a consent order lifting the default in the underlying case was signed and filed on January 29, 2021. (Dkt. No. 30-1). On January 30, 2021, Locals filed an answer to Lynch's complaint in the underlying case. (Dkt. No. 30-2). Thus, the argument by Plaintiff Hudson that their insured has breached the notice provision is now cured as Defendant Locals is free to, *inter alia,* defend the underlying matter, assert defenses, call witnesses at trial and retain whatever experts they deem necessary without any prejudice whatsoever. Since the coronavirus pandemic has continued on, there is no imminent threat that the underlying tort case will be called for a jury trial anytime soon. As such, Plaintiff Hudson has not been substantially prejudiced in that they are able to fully defend the underlying matter. Thus, they must indemnify Defendant Locals.

1

## 2. Defendant Locals counsel in the underlying matter was allowed to participate in depositions and was copied on discovery responses.

Plaintiff Hudson's memorandum replying to Lynch's response to summary judgment states that "for the entirety of the underlying case, Locals Bar has had no right, as a matter of law, to engage in discovery because of the entry of default. . . . [and] Had it not been for this failure to give timely notice, Locals Bar and its counsel would have had significant time to engage in discovery and investigation of the underlying lawsuit." (Dkt. 29, Pg. 4 of 10).

However, counsel for Defendant Locals in the underlying matter has been allowed to attend the depositions of Carson Boozer and William Lynch. Counsel for Defendant Locals in the underlying matter was allowed to ask questions at Carson Boozer's deposition and declined to ask questions at William Lynch's deposition. (Exhibit 1, cover page from Carson Boozer's deposition; Exhibit 2, excerpt from William Lynch's deposition). Counsel for Defendant Locals was copied on discovery responses to Boozer's discovery requests in the underlying matter. (Exhibit 3, discovery response cover letters/certificates of service dated 10/10/19, 10/29/19 and 11/18/19). Counsel for Defendant Locals will shortly receive responses to its own discovery requests in the underlying matter. Accordingly, Defendant Locals Bar and its counsel in the underlying matter have had time to engage in discovery and investigation and will continue to have to time to engage in discovery and investigate the matter further. Again, Plaintiff Hudson has not been substantially prejudiced and must defend and indemnify their insured, Defendant Locals, in the underlying matter.

## 3. Defendant Locals counsel in the underlying matter informed Defendant Lynch's counsel to contact Plaintiff Hudson's counsel regarding default matters.

Plaintiff Hudson's reply states that "Lynch's contention that Hudson refuses to allow its insured out of default is a clear misrepresentation of Hudson's position." (Dkt. 29., Pg. 2 of 10).

Plaintiff Hudson also states in its reply that "Lynch's argument that Hudson has prejudiced its insured is premised on the erroneous contention that Hudson is somehow preventing Lynch from vacating the default against Locals Bar, which is patently false." Attached as Exhibit 4 and 5 to this memorandum is e-mail correspondence from Defendant Lynch's counsel to Defendant Locals counsel in the underlying state court matter. Defendant Lynch's counsel proposed letting Defendant Locals out of default and proceeding with a non-jury action.[1] Defendant Locals personal counsel agreed. Defendant Locals counsel hired by Plaintiff Hudson to defend the underlying matter stated on January 4 that he had to obtain the blessings from Plaintiff Hudson's counsel to agree to let his client out of default. Follow-up e-mail correspondence on January 13, 2021, from Defendant Locals counsel to Defendant Lynch's counsel states that undersigned counsel was filled in "on **Hudson's position**" regarding the default. Further e-mail correspondence reveals that communications regarding the default had to be made through Plaintiff Hudson's counsel, not through Defendant Locals insurance counsel hired by Plaintiff Hudson in the underlying matter. Thus, that is why Defendant Lynch contended that Plaintiff Hudson was substantially prejudicing their insured. However, curiously, Plaintiff Hudson continues to maintain the instant Declaratory Judgment action to disavow their duty to defend and indemnify and further prejudice their insured even though the liquor liability policy provides coverage, S.C. Code Section 61-2-145 mandates coverage and their insured is no longer in default.

---

[1] Counsel for Defendant Lynch subsequently consented to allowing the request for a trial by jury as is set forth in Jonathan Krell's affidavit and as indicated by Locals recent answer filed in the state court. (Dkt. No. 26-1, Paragraph 6; Dkt. No. 30-2, WHEREFORE, Section c.).

**CONCLUSION**

Based upon the foregoing, Defendant William Lynch requests the Court deny Plaintiff Hudson's motion for summary judgment and enter an Order granting summary judgment to Defendant William Lynch finding that Plaintiff Hudson has a duty to defend and indemnify Defendant Locals in the underlying state court matter and that Plaintiff Hudson must satisfy any judgment or verdict rendered against their insured, Defendant Locals. Alternatively, in the event the Court does find that Plaintiff Hudson is substantially prejudiced, Defendant Lynch requests that the Court enter an Order finding that Plaintiff Hudson is responsible to satisfy any verdict or judgment entered against Defendant Locals up to one million dollars pursuant to S.C. Code Section 61-2-145 and the pertinent case law.

                URICCHIO HOWE KRELL JACOBSON
                TOPOREK & KEITH, P.A.

                s/ Jeff Buncher, Jr.
                Jeff Buncher, Jr., Fed ID: 11113
                jeff@uricchio.com
                Jonathan F. Krell, Fed ID: 7552
                jonathan@uricchio.com
                843-723-7491
                PO Box 399 – Charleston, SC 29402
                Attorneys for Defendant Lynch

February 4, 2021
Charleston, South Carolina